UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD ADAMS, | : |
| Petitioner | : CIVIL ACTION NO. 3:14-1195 |
| vs. | : (JUDGE MANNION) |
| WARDEN J. E. THOMAS | : |
| Respondent | : |

## MEMORANDUM

Gerald Adams, an inmate confined at the Federal Prison Camp, Lewisburg, Pennsylvania, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Adams challenges the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. (Doc. 1). Adams asserts that the BOP has wrongfully refused to give him credit for the period from April 1, 2008, the date a multi-count federal indictment was filed against him and others, through September 8, 2008, the date he was sentenced on a superseding information by the United States District Court for the Northern District of West Virginia to a term of imprisonment of 120.

Because the BOP has computed Adams's sentence in accordance with policy and governing law, the petition will be **DENIED**.

## BACKGROUND

On April 1, 2008, Adams was charged in seven counts of a 22-count indictment with conspiracy to possess with intent to distribute in excess of one

kilogram of heroin, from in or about May, 2006, through on or about April 1, 2008. On April 10, 2008, Adams was taken into federal custody by the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum. At the time Adams was taken into federal custody, he was serving a three-year Ohio state prison sentence for drug trafficking which was imposed on January 11, 2008. On July 9, 2008, a one-count superseding information was filed in the United States District Court for the Northern District of West Virginia charging Adams, on or about August 24, 2007, with possession with intent to distribute heroin. On August 25, 2007, Adams was arrested by a state law enforcement officer for operating a motor vehicle while intoxicated but was then released the same day on bond.

On July 16, 2008, Adams entered a plea of guilty to the federal superseding information and on September 8, 2008, he was sentenced to a term of imprisonment of 120 months to be served concurrently with his 3-year state prison sentence. The federal judgment of sentence states as follows:

> "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: One Hundred Twenty (120) Months, to be served concurrently with [the Ohio state sentence of 3 years]."

At the time of sentencing the seven counts of the original indictment in which Adams was named were dismissed. On September 9, 2008, Adams was returned to state custody. On January 7, 2011, Adams completed his state sentence and was turned over to federal authorities pursuant to a detainer.

2

Once in the custody of the BOP, Adams's sentence was calculated to commence on September 8, 2008, and he was given one day of prior custody credit for August 25, 2007, when he was arrested by state authorities for operating a motor vehicle while intoxicated. It was also projected that Adams would accumulated 470 days of Good Conduct Time resulting in a release date of May 24, 2017.

**Discussion**

It is not the sentencing court which determines if jail time credits should be granted towards a federal sentence, it is the BOP. See United States v. Wilson, 503 U.S. 329, 333-35 (1992); Edwards v. United States, 41 F.3d 154, 155 (3d Cir. 1994). The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. §2241 in the district where the defendant is imprisoned. United States v. Smith, 101 F.Supp. 2d 332, 338 (W.D. Pa. 2000); United States v. Donohue, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28, 1999). Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under §2241. See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976)(holding that where prisoner seeking federal habeas corpus relief challenges effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. §2255).

Because Adams is alleging that the BOP has failed to calculate his sentence correctly, he is properly before this court.

It should also be noted that when a federal sentence is imposed on a defendant in state custody, the federal sentence may commence if the Attorney General agrees to designate the state facility for service of the federal sentence. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990); United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). However, such a designation is granted only when it is consistent with the intent of the sentencing federal court or with the goals of the criminal justice system. See Bureau of Prisons Program Statement 5160-03, Designation of State Institution for Service of Federal Sentence.

In the instant case, it was the intent of the federal sentencing court that Adams's sentence be served concurrently with his state sentence. This, however, merely means that it commences on the date that the sentence was imposed subject to any appropriate credits for time served in accordance with 18 U.S.C. §3585 entitled "Calculation of a term of imprisonment." That section states, in pertinent part:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

>   commences-
>
>>   (1) as a result of the offense for which the sentence was imposed; or
>>
>>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   that has not been credited against another sentence.

18 U.S.C. §3585.

Furthermore, BOP Program Statement 5880.28, Sentence Computation Manual - CCCA, provides that:

>   [t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting sentence time. The primary reason for "writ" custody is not the federal charge. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody.

Pursuant to 18 U.S.C. §3585(a) and the Program Statement, the BOP correctly determined that Adams's sentence of 120 months commenced on September 8, 2008, the day it was imposed. The BOP had to then determine if the petitioner was entitled to credit pursuant to 18 U.S.C. §3585(b), for any time he spent imprisoned before the federal sentence commenced. The only appropriate credit was the 1 day which Adams spent in custody on August 25, 2007.

Adams claims the district court intended for his sentence to be "totally concurrent" to his state sentence. However, there is nothing in the record or the judgment of sentence other than that the district court intended the

5

sentence to be executed in compliance with 18 U.S.C. §3585 and the BOP Program Statement. The judgment of sentence imposed on September 8, 2008, conveys an intent that the federal sentence was to commence on the date it was imposed, namely September 8, 2008, and run concurrently with any undischarged state sentence from that date forward.

Finally, because Adams is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. §2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: March 25, 2015
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1195-01.wpd